**Jose Manuel Rosas ROJAS; Lorena Sanchez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70576.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Jose Manuel Rosas Rojas, Stateline, NV, pro se.

Lorena Sanchez, Stateline, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

José Manuel Rosas Rojas and his wife Lorena Sanchez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order construing their motion to reopen as a motion for reconsideration and denying it as untimely and without merit. We deny the petition for review.

The petitioners contend that their case should have been reopened due to a change in circumstances because, after the immigration judge and the Board denied their applications for cancellation of removal under 8 U.S.C. § 1229b(b) for failure to meet the hardship requirement, they acquired two additional qualifying relatives when their son and daughter became legal residents through marriage. In their motion, the petitioners argued only that the immigration judge and the Board failed properly to consider the evi-

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

dence of hardship presented at their hearing. They therefore failed to exhaust administrative remedies as to this issue, and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

The petitioners also contend that the Board's decision of July 22, 2004, summarily affirming the immigration judge's decision without opinion, denied them due process and that the immigration judge and the Board failed properly to consider the evidence of hardship presented at their hearing. They fail to address, and therefore have waived any challenge to, the Board's alternative ruling that their motion for reconsideration was untimely under 8 C.F.R. § 1003.2(b). *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.